**In the Matter of the Application for the Discipline of Victor John MICHAELSON, Jr., an Attorney at Law of the State of Minnesota.**

**No. 50180.**

Supreme Court of Minnesota.

Oct. 10, 1980.

Michael J. Hoover, Administrative Director on Professional Conduct, Lawyers Professional Responsibility Bd., St. Paul, for petitioner.

Collins, Buckley, Sauntry & Haugh and Theodore J. Collins, St. Paul, for respondent.

PER CURIAM.

These disciplinary proceedings are before the court to review findings and recommendations of the Honorable Clarence A. Rolloff, Judge of the District Court retired, acting as referee to conduct hearings in connection with a petition of the Administrative Director of the Lawyers Professional Responsibility Board charging the respondent, Victor John Michaelson, Jr., with professional misconduct.

Respondent was admitted to the bar in 1959 and for fifteen years was in private practice and acted as an attorney for the State of Minnesota. In the year 1974 he became a member of the staff of the general counsel for an industry whose headquarters are located in St. Paul, where he has remained employed every since.

All of the misconduct which led to these charges stem from the mismanagement of an estate which respondent undertook to probate while otherwise engaged as a full-time employee. In the three years before he was discharged by the representative, he misappropriated from the estate and deposited for his own use the sum of $1,368.02; he commingled trust funds with personal funds; he falsely represented that tax returns had been filed and paid; he neglected to prepare and file any of the documents necessary to close the estate but falsely represented he had done so; he attempted

to deceive the Minnesota Department of Revenue by falsely representing that he had filed an inheritance tax return although he had not done so; and he obstructed the investigation of the charges against him by making material misrepresentations of fact to the administrative director.

Respondent is an alcoholic whose dependency has been arrested for over twenty years. It is obvious that he has been beset with financial problems largely of his own making. Although he has enjoyed a substantial income he has apparently lived well beyond his means. Nevertheless he appears to be well regarded by his employer, and none of the charges against him reflect adversely on his professional performance as an employee. Under these circumstances we impose the following sanctions:

1. Respondent is suspended indefinitely from practicing law in Minnesota except on behalf of his present employer.

2. Respondent is fined the sum of $5,000 payable to the Lawyers Professional Responsibility Board within a period of twenty-four months.

3. After five years from the date hereof respondent may petition the court for reinstatement to general practice.

4. Respondent will begin to comply with all of the continuing legal education requirements necessary for those in general practice.

It is so ordered.

AMDAHL and SIMONETT, JJ., not having been members of this court at the time of argument and submission, took no part in the consideration or decision of this case.